CLD-186                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3741
_____

CHRISTOPHER ALLEN JONES,
Appellant
v.

THERESA DELBALSO, Superintendent; JOHN WIEKRYKAS, Records Supervisor
Common Pleas Court of Berks County; JAMES P. TROUTMAN, Clerk of Court et al,
others; ELLEN R. WEST, District Attorney's Office; A. TAYLOR WILLIAMS, Chief of
Litigation; JOHN E. WETZEL, Secretary of Department of Correction; FILOSKY, Right
to Law Records/Chief Counsel, Governor's Office et al, and others; MAGISTRATE
JAMES TUPPER, District Justice et al, and others; KELLY M. SEKULA, Attorney
General Office, Senior Deputy Attorney & Appeals and Legal Service Section; GEORGE
WAGNER, Warden of Berks County Prison; JOHN DOE, Criminal Records Supervisor
et al, and others sued individually and in their official capacity; JANE DOE, Criminal
Records Supervisor et al, and others sued individually and in their official capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-17-cv-04390)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2018
Before:  CHAGARES, GREENAWAY, Jr., and FUENTES, Circuit Judges

(Opinion filed: June 6, 2018)

OPINION[*]

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Christopher Jones appeals pro se from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will summarily affirm because no substantial question is presented by this appeal. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Jones, an inmate confined at the State Correctional Institution at Mahanoy in Frackville, Pennsylvania, filed this pro se civil rights action pursuant to 28 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis, in the United States District Court for the Eastern District of Pennsylvania. Though difficult to decipher, it appears that Jones alleged that (1) two of his convictions have been vacated and that he is thus being held illegally, and (2) that his sentence has been incorrectly calculated.[1] By order entered November 13, 2017, the District Court granted Jones leave to proceed in forma pauperis and dismissed his complaint under § 1915(e)(2)(B)(ii). The Court held that

---

constitute binding precedent.

[1] In 1992, Jones was initially sentenced in the Philadelphia Court of Common Pleas to a term of ten to twenty years of incarceration for aggravated assault. While he was serving this sentence, Jones was found to be in possession of marijuana, and sentence to five days of incarceration. In 2003, while Jones was serving the remainder of sentence at an ADAPPT facility (a halfway house), Jones escaped the facility. Before Jones was apprehended, he committed several sex offenses. Jones was then convicted of two counts of involuntary deviate sexual intercourse, and sentenced to seven to fourteen years of incarceration, to run concurrently. Jones was also convicted of escape, and sentenced to six months to two years of incarceration. As indicated by a sentence status summary prepared by the Department of Corrections and submitted by Jones as an exhibit to his complaint, Jones' controlling minimum date is May 28, 2011, and his controlling maximum date is May 28, 2018. Dkt # 1-3, at 14.

Jones's complaint was barred by Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), and Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Jones appeals.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We agree that Jones has failed to state a claim under § 1983 and that the District Court correctly dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). It is well-settled that when a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Additionally, a state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can show that the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

---

[2] Following the District Court's dismissal order, Jones filed a motion requesting that the Court intervene in his PCRA proceedings, which was denied by the District Court. In his subsequent notice of appeal, Jones specifically appeals the District Court's dismissal order, and does not appeal the denial of his motion to intervene.

To the extent that Jones challenges the fact and duration of his confinement, his sole federal remedy is a writ of habeas corpus, and he is precluded from attacking those decisions through § 1983. See Preiser, 411 U.S. at 500. To the extent that Jones seeks damages under § 1983 for his allegedly illegal confinement and sentence, a favorable outcome would necessarily demonstrate the invalidity of his incarceration. Since Jones has not successfully challenged his confinement in any state or federal proceeding, he may not proceed under § 1983, and his complaint was properly dismissed. See Heck, 512 U.S. at 487.[3]

For these reasons, we will affirm the judgment of the District Court.

---

[3] Although Jones claims that his two convictions for involuntary deviate sexual intercourse ("IDSI") "have been repealed and deleted as of December 9, 2002," dkt # 1, at 7, nothing in his extensive exhibits suggests that his incarceration is pursuant to an expired sentence. Rather, an exhibit provided by Jones shows that a seven to fourteen year sentence for two IDSI convictions was imposed in 2004.